UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| CHARLES V. FARNSWORTH, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO.  C08-594-RSM-JPD |
| | ) | |
| v. | ) | |
| | ) | |
| MS. S. YOUNG, *et al.*, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner is currently in custody at the Federal Detention Center at SeaTac, Washington ("FDC SeaTac").  He has submitted to this Court for review a petition for writ of mandamus under 28 U.S.C. § 1651 together with an application to proceed with this action *in forma pauperis*.  Petitioner asserts in his petition that the two named respondents have failed to comply with certain provisions of the Code of Federal Regulations and with certain Bureau of Prisons program statements relating to law library access.  Petitioner names as respondents in this action S. Young, the Supervisor of Education at FDC SeaTac, and Robert Palmquist, the warden of FDC SeaTac.

Petitions for writ of mandamus that arise in the context of civil litigation must comply with the Prison Litigation Reform Act ("PLRA").  *See Martin v. United States*, 96 F.3d 853, 854 (7th Cir. 1996).  Under the PLRA, exhaustion of available administrative remedies is required for any suit

REPORT AND RECOMMENDATION
PAGE - 1

challenging prison conditions.  42 U.S.C. § 1997e(a).  Petitioner contends that his petition "is not a civil complaint regarding prison conditions." (Dkt. No. 1-2 at 3.)  However, a challenge by an incarcerated individual to the sufficiency or availability of a law library is commonly recognized as a challenge to prison conditions.

Section 1997e(a) requires *complete* exhaustion through any available process.  *See Porter v. Nussle* 534 U.S. 516, 524 (2002) ("All 'available' remedies must now be exhausted."); *Booth v. Churner*, 532 U.S. 731, 735 (2001).  Section 1997e(a) also requires *proper* exhaustion.  *Woodford v. Ngo*, 126 S. Ct. 2378, 2387 (2006).  "Proper" exhaustion means full compliance by a prisoner with all procedural requirements of an institution's grievance process.  *See id*. at 2387-88.  If administrative remedies have not been exhausted at the time an action is brought, it must be dismissed without prejudice.  *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)(per curiam).

The Bureau of Prisons has established an administrative remedy process through which federal prisoners may seek review of almost any aspect of their imprisonment.  28 C.F.R. § 542.10, *et seq.*.  The BOP Administrative Remedy Program has four levels of review.  First, a federal prisoner must attempt informal resolution with staff. § 542.13.  If unsuccessful, a prisoner must next present his claim to the Warden of the institution where he is then incarcerated.  *See* § 542.14.  A prisoner who is dissatisfied with the response received from the Warden may appeal that decision to the appropriate Regional Director within twenty (20) days.  § 542.15(a).  An inmate who is dissatisfied with the response received from the Regional Director may appeal that decision to the General Counsel within thirty (30) days.  *Id*.  An appeal to the General Counsel is the final administrative appeal.  *Id*.

It is clear from the face of the petition that petitioner has not exhausted all available administrative remedies.  (*See* Petition at 2-3.)  And, in fact, petitioner's insistence that his petition does not constitute a challenge to prison conditions appears to this Court to be an attempt to

REPORT AND RECOMMENDATION
PAGE - 2

1  circumvent the exhaustion requirement.[1]  (*Id*. at 3.)  As it appears from the face of the petition that

2  petitioner has not exhausted his administrative remedies, the Court has no alternative but to dismiss

3  this action without prejudice.  *See McKinney*, 311 F.3d at 1199.

4      Accordingly, this Court recommends that petitioner's application for leave to proceed *in forma*

5  *pauperis* be denied and that petitioner's petition for writ of mandamus be dismissed without prejudice.

6  A proposed order accompanies this Report and Recommendation.

7      DATED this 22nd day of April, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

---

[1] The Court notes that petitioner previously filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he asserted that Warden Palmquist and FDC SeaTac staff had hindered his ability to represent himself in his ongoing federal criminal proceedings by denying his requests for necessary legal supplies in violation of his right of access to the courts, his right to due process, his right to equal protection, and his right to effective representation of counsel.  *See Farnsworth v. Palmquist*, C08-22-JCC.  That action was dismissed based upon petitioner's failure to state claim that was cognizable under § 2241.  (*Id*., Dkt. No. 8)  Petitioner was specifically advised in that action that the claims he had presented constituted an attack on the conditions of his confinement and could be brought in an action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), but were not cognizable in a federal habeas action.  (*Id*., Dkt. No. 5.)

REPORT AND RECOMMENDATION
PAGE - 3