UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES V. FARNSWORTH, ) | |
| ) | |
| Petitioner, ) | CASE NO.    C08-594-RSM-JPD |
| ) | |
| v. ) | |
| ) | |
| MS. S. YOUNG, *et al.*, ) | ORDER DISMISSING FEDERAL |
| ) | HABEAS PETITION |
| Respondents. ) | |
| _____) | |

The Court, having reviewed petitioner's petition for writ of habeas corpus, the Report and Recommendation of Judge James P. Donohue, United States Magistrate Judge, the objections filed by petitioner, and the remaining record, does hereby find and Order:

(1) The Court adopts the Report and Recommendation with the following additional comments: The Court is not persuaded that Judge Donohue erred in the underlying Report and Recommendation ("R&R") as petitioner contends in his objections. Judge Donohue correctly found that petitioner's writ of mandamus was within the purview of 28 C.F.R. 542.10, *et seq.*, because petitioner was objecting to the availability of the law library at his prison. Moreover, the provisions of 28 C.F.R. 542.10 establish an administrative remedy process through which federal prisoners may seek review of almost any aspect of their imprisonment. This process, also known as the Bureau of Prisons ("BOP") Administrative Remedy Program, has four levels of review. Ultimately, Judge Donohue concluded that petitioner had not complied with the BOP Administrative Remedy Program.

ORDER DISMISSING FEDERAL
HABEAS PETITION - 1

This Court agrees. There is nothing in the record to suggest that petitioner has fully complied with the BOP Administrative Remedy Program. In fact, petitioner acknowledges in his objections that he has yet to move on to level two. The objections provide in pertinent part:

> It is obvious that Petitioner has exhausted his administrative remedy process . . . when staff failed to "adhere" to the grievance process by failing to supply Petitioner with an answer within which to move on to level 2 of the 4-tiered grievance process.

(Dkt. #4 at 2).

Furthermore, petitioner does not indicate that he attempted to proceed with the administrative process, only suggesting that the prison staff's failure to respond to his initial complaint implies that he does not have to comply with the remaining three levels of the BOP Administrative Remedy Program. However, the BOP Administrative Remedy Program clearly outlines a four-level process that all federal prisoners must follow. Consequently, petitioner has failed to comply with the provisions of 28 C.F.R. 542.10, *et seq.*, and his claim is not yet ripe for review in this Court.

(2) Petitioner's application to proceed *in forma pauperis* (Dkt. #1) is DENIED, and this federal habeas action is DISMISSED without prejudice.

(3) The Clerk is directed to send copies of this Order to petitioner and to Judge Donohue.

DATED this _3_ day of June, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING FEDERAL
HABEAS PETITION - 2